The TRAVELERS INSURANCE
COMPANY, Appellant,

v.

John T. BULLINGTON, Appellee.

The TRAVELERS INSURANCE
COMPANY, Appellant,

v.

Donald H. BULLINGTON, Appellee.

Nos. 88–17–ALB–AMER (JRE),
88–16–ALB–AMER (JRE).

United States District Court,
M.D. Georgia,
Albany/Americus Division.

July 18, 1988.

Rufus T. Dorsey, IV, of Parker, Hudson, Rainer & Dobbs, Atlanta, Ga., for appellant.

Fife M. Whiteside, Columbus, Ga., for appellees.

## MEMORANDUM AND ORDER ON APPEAL

ELLIOTT, District Judge.

In the fall of 1986 the Congress enacted what became Chapter 12 of the Bankruptcy Code. 11 U.S.C. § 1201, et seq. This legislation created a special form of bankruptcy designed specifically for farmers and intended to meet a perceived crisis in the agricultural community. Pursuant to the provisions of Chapter 12, Debtors John T. Bullington and Donald H. Bullington (hereinafter collectively referred to as the "Debtors") filed plans of reorganization. The Bankruptcy Court ultimately confirmed the plans submitted over the objections of Travelers Insurance Company (hereinafter "Travelers"), 80 B.R. 590 (1987), and the confirmation order is the subject of this appeal by Travelers.

Stated broadly, there are two issues involved in this appeal: first, whether the Bankruptcy Court erred in confirming the Plan submitted by the Debtors, and second, whether the Plan and Chapter 12, as construed by the Bankruptcy Court, violate the provisions of the Fifth Amendment to the United States Constitution.

We remind ourselves that, as to findings of fact, the Bankruptcy Court's determinations may not be disturbed unless this Court concludes that such findings were clearly erroneous, but as to conclusions of law this Court must make an independent

determination of the accuracy of such conclusions.

As above noted, each of the Debtors filed a separate Chapter 12 petition and each filed a separate Chapter 12 plan. However, since it appeared that the Bullingtons had farmed "together" essentially as a farm partnership for several years and had commonly owed debts and commonly owned assets, the plans which were submitted and subsequent modifications thereof were considered "meshed" by the Bankruptcy Court and consolidated for the purpose of consideration so as to coordinate the payment of both debtors' allowed claims, and the two separate appeals have been consolidated in this court.

■ Counsel for the Appellant and counsel for the Appellees have each submitted exhaustive briefs which have had the Court's consideration, and, upon a review of the record made in the Bankruptcy Court, the Court concludes that:

The Bankruptcy Court properly determined that the Plan, which provided for the extension of the final maturity of Travelers' secured claim for 30 years, was authorized by 11 U.S.C. § 1225(a)(5)(B) as construed in *pari materia* with 11 U.S.C. § 1222(b)(9).

The Bankruptcy Court properly determined that the Plan as finally proposed by the Debtors was feasible as required by the provisions of 11 U.S.C. § 1225(a)(6).

The Plan and Chapter 12, as construed by the Bankruptcy Court, do not offend the due process and taking clauses of the Fifth Amendment to the United States Constitution.

Chapter 12, as applied retroactively to Travelers' preexisting lien and security interests, does not violate the provisions of the Fifth Amendment to the United States Constitution.

■ In dealing with the question of the constitutionality of this "farmers" legislation we are "plowing new ground," because no Appellate or District Court has yet ruled on this question, but the Act comes to us clothed with a presumption of constitutionality and it is patterned fairly closely after Chapter 13 of the Bankruptcy Code, and Chapter 13 has never been successfully challenged on constitutional grounds, so the Court is lead to further conclude that:

Chapter 12, on its face, does not violate the taking and due process clauses of the Fifth Amendment to the United States Constitution and therefore does not exceed the bankruptcy powers of Congress.

Consistent with the foregoing, the findings and conclusions of the Bankruptcy Court are confirmed and the appeal is denied.